The document below is hereby signed.

Signed: February 10, 2019

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VINCENT LARRY PHILLIPS, | ) | Case No. 18-00618 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO REOPEN OR MERGE CASE

The debtor has filed *Debtor's Motion to Reopen the Above-Captioned Matter and/or Merge Same with Case No. 19-00002 SMT* (Dkt. No. 34). This case was initiated by the debtor filing a voluntary petition on September 17, 2018. The case was closed on December 4, 2018, after the court granted the chapter 13 trustee's motion to dismiss, filed on October 24, 2018, for the debtor's (1) failure to provide his most recent tax return; (2) unreasonable delay which was prejudicial to creditors; (3) failure to make chapter 13 plan payments, and (4) failing to appear at the meeting of creditors. In addition to these reasons, laid out in the order granting the trustee's motion to dismiss, the debtor also failed to file opening documents, including the debtor's schedules, financial statement, current

monthly income statement, and chapter 13 plan, even after the court granted the debtor an extension of time to file those documents.

The debtor now contends that he was unable to attend the meeting of creditors because he was "out of town." However, that does not explain the numerous other deficiencies with this case, nor does the debtor indicate that he made any effort to reach out to the chapter 13 trustee to reschedule the meeting of creditors. Furthermore, the debtor did not raise any objections to the chapter 13 trustee's motion to dismiss and has not shown excusable neglect for his failure to do so.

The debtor has filed a new case, Case No. 19-00002, and seeks either to have the above-captioned case reopened, or to merge it with the now pending case. There is no apparent benefit to taking either of these actions. If the above case were reopened, it would be a four month old case that is still missing schedules, financial statements, and a plan. The deadline for filing documents under 11 U.S.C. § 521(a)(1) is far over due, and the case was subject to mandatory dismissal had a party in interest filed a motion to dismiss under § 521(i) before the case was dismissed for other reasons . Additionally, the deadlines to file a complaint challenging dischargeability of certain debts, and the deadline for creditors to file proofs of claims have expired. Reopening the above-captioned case at this point would

be far too prejudicial to creditors.  Moreover, the fact that the debtor's now pending case, Case No. 19-00002, is proceeding with all documents, except schedules E,F,G, and H, have been filed, indicates that there is no need to reopen this case.

The only reason the court can find to explain why the debtor would want to merge the above-captioned case with the now pending case, Case No. 19-00002, is to avoid the automatic termination of the automatic stay after 30 days of the filing of a second case within a year under 11 U.S.C. § 362(c)(3).  However, this is the wrong course of action for extending the automatic stay, which expired on February 2, 2019 (being the thirtieth day from the filing of that case, with the debtor having failed to file a motion to extend the automatic stay).  It would be prejudicial to creditors to allow the debtor to keep the benefits of the automatic stay, via a motion to merge an old case, when the automatic stay has already expired under § 362(c)(3).  Other than that, there is no conceivable benefit, that the court can think of, to merge this now stale case with the pending case, Case No. 19-00002.

The debtor asks the court to waive the filing fee.  It is unclear whether the debtor is seeking a waiver of the fee for filing this motion to reopen, or a waiver of the filing fee for the pending chapter 13 case, Case No. 19-00002.  In any case, the request is denied.  If the debtor is seeking to waive the fee to

3

file this motion to reopen this case, the debtor has provided no reason why the fee should be waived. Moreover, this motion to reopen was a frivolous filing. Therefore, the court will not waive the fee. If the debtor is seeking to waive the now pending chapter 13 filing fee, Case No. 19-00002, the debtor has already paid the fee, and more importantly, 28 U.S.C. § 1930(f) only permits the court to waive the filing fee in chapter 7 cases under certain circumstances. Case No. 19-00002 is a chapter 13 case, and the court has no authority to waive a chapter 13 filing fee.

It is thus

ORDERED that *Debtor's Motion to Reopen the Above-Captioned Matter and/or Merge Same with Case No. 19-00002 SMT* (Dkt. No. 34) is DENIED. It is further

ORDERED that the debtor's request to waive the filing fee, whether for the filing of this motion to reopen, or the filing fee of the debtor's now pending chapter 13 case, Case No. 19-00002, is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of orders.